1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------X           CIVIL ACTION NO.   24CV4589
INDRANAUTH RAMADHAR,

          Plaintiff,
*on behalf of himself and all others similarly situated*,  **COLLECTIVE & CLASS**
                **ACTION COMPLAINT**
     -against-

ZARA REALTY HOLDING CORP.,

         Defendant.
--------------------------------------------------X

**PLEASE TAKE NOTICE** that Plaintiff, on behalf of himself and all others similarly situated, as and for a *Collective and Class action Complaint* against Defendant, alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this Collective and Class action on behalf of himself and similarly situated building service workers (the "Collective or Class Members"), to seek redress for systematic late and/or unpaid minimum and/or overtime wages against Defendant, a provider of real property services and housing.

2. Defendant, by failing to pay promptly and completely Plaintiff, the Collective and Class Members the federal and state mandated minimum wage and overtime, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*; and the New York Labor Law ("NYLL") §§ 190 and 650 *et seq*; and 12 N.Y.C.R.R. §§ 141-1.3 and 1.4.

3. Plaintiff brings this action on behalf of himself and all current and former building service workers of Defendant who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendant's violations of the FLSA which deprived Plaintiff and others similarly situated of their lawful, promptly and completely paid, minimum and overtime wages.

4. Plaintiff also brings this action on behalf of himself and all current and former building service workers of Defendant, pursuant to Federal Rule of Civil Procedure ("FRCP") 23, for late paid minimum and/or overtime wages pursuant to NYLL §§ 652, 663, 191, 193 and 198; and 12 N.Y.C.R.R. §§ 141-1.3 and 1.4.

5. Plaintiff hereby seeks legal, injunctive and declaratory relief against Defendant pursuant to the FLSA, NYLL and N.Y.C.R.R.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a) as Plaintiff labored for Defendant largely in Brooklyn and Queens, and Defendant resides in this judicial district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

9. Plaintiff is an adult individual who, at all times relevant to this Complaint, has been a resident of the state and City of New York, County of Queens.

10. At all times relevant to this Complaint, Plaintiff was an employee of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL §§ 651 and 190.

11. At all relevant times, Defendant employed Plaintiff and the others within the meaning of the FLSA and NYLL.

12. Defendant Zara Realty Holding Corp. is a domestic for profit corporation doing business within the City of and State of New York that maintains its principal place of business at 166-07 Hillside Avenue, Jamaica, NY 11432.

13. Defendant was at all times herein relevant an FLSA enterprise engaged in and/or affecting interstate commerce with annual revenues in excess of $500,000.00 and Plaintiff and others worked for Defendant in interstate commerce using the mails and wires, *inter alia*.  Defendant contracted with persons and entities in other states in the course of its business.

14. Defendant's employees, including Plaintiff, used and/or handled goods that moved in interstate commerce in the discharge of their employment duties, including but not limited to the internet, computers, telephones, cellular telephones, text messages, building supplies, cleaning supplies, tools, cleaning equipment, etc.

**STATEMENT OF FACTS**

15. Defendant at all relevant times herein employed Plaintiff and the others as building service workers providing manual labor, material moving, trash collection, building maintenance and equipment operation, etc. to Defendant.

16. Plaintiff worked for Defendant as a full-time building superintendent from March 2016 until June 14, 2024.

17. The job duties of Plaintiff and the others included, but were not limited to the following: property maintenance, garbage removal, cleaning, repairing and monitoring, customer service and other manual labor and material moving.

18. Defendant had the right to control, and in fact did control, the hours, hourly pay, assignments and schedules of Plaintiff and the others.  Defendant paid Plaintiff and the others on a 1099 and W-2 bases bi-weekly and evaluated and provided feedback on their work performance.

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.

19. At all relevant times, Defendant failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

20. Plaintiff and the others worked 10 or 12 hour shifts for Defendant and at all times herein relevant Defendant required Plaintiff and the others to attend to and monitor their assigned locations throughout the duration of their respective work shifts; and controlled the manner in which Plaintiff and the others did so in terms of frequency, priority and documentation, *inter alia*.

21. Defendant at all times monitored Plaintiff's and the others' compliance with Defendant's guidelines, procedures and policies to ensure compliance therewith in the discharge of job duties.

22. While employed by Defendant, Plaintiff and the others regularly worked seventy (70) hours per week and on occasion more.

23. During certain off-duty time, Defendant prohibited Plaintiff and the others from leaving the assigned location(s) and required Plaintiff to constantly attend and respond to tenant service requests and emergencies, such that they were on call when not actively working, for Defendant's benefit.

24. Defendant at all times herein relevant failed to record the Plaintiff and others' work hours. .

25. At all relevant times, as a result of the foregoing, Defendant paid Plaintiff's and the others' wages off the books, bi-weekly and five (5) days after the end of each bi-weekly pay period, in violation of the FLSA §§ 206 and 218, NYLL §§ 652, 191 and 193; and 12 N.Y.C.R.R. §§ 141-1.3 and 1.4.

26. At all relevant times, Defendant failed to pay promptly or timely, and sometimes at all, Plaintiff's and the others' minimum wages and overtime wages for all hours worked in excess of forty (40) per week, in violation of the overtime provisions of the FLSA §§ 207 and 218, NYLL §§ 652, 191 and 193; and 12 N.Y.C.R.R. §§ 141-1.3 and 1.4.

27. For example, from 04/23/23-04/29/23, Plaintiff worked M-F from 6 am to 6 pm with a one hour lunch and Saturday and Sunday from 7 am to 11 am, for a total of 63 hours.  Defendant paid Plaintiff for only forty (40) hours during this week, without any compensation for hours beyond forty (40).

28. For example, from 04/30/23-05/06/23, Plaintiff worked M-F from 6 am to 6 pm with a one hour lunch and Saturday and Sunday from 7 am to 11 am, for a total of 63 hours.  Defendant paid Plaintiff for only forty (40) hours during this week, without any compensation for hours beyond forty (40).

29. As part of its regular business practice, Defendant intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and NYLL including but not limited to:

- A. Failing to pay promptly, timely and completely Plaintiff and the others the minimum wage for all hours worked in each discrete work week; and

- B. Failing to pay promptly, timely and completely Plaintiff and the others one and one half times their regular rates of pay for all hours worked in excess of forty (40) per week in each discrete work week.

30. The effect of Defendant's wage payments was to deny Plaintiff and the others minimum wage and overtime payments for each discrete week.

31. Upon information and belief, Defendant's unlawful conduct as described herein was pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

32. Defendant's unlawful conduct has been widespread, repeated and consistent; and was not undertaken based on advice of counsel nor guidance from a competent court or governmental agency.

**COLLECTIVE & CLASS ALLEGATIONS**

33. Plaintiff brings his FLSA claims on behalf of himself and all persons who worked for Defendant as building service workers at any time since June 28, 2021 ("FLSA Collective").

34. Defendant is liable under the FLSA for failing to promptly, timely and completely pay the minimum wage for all hours worked and overtime wages for all hours worked greater than forty (40) per week.  As such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join.

35. Plaintiff brings his NYLL claims on his own behalf and on behalf of a class of all employees who worked as building service workers for Defendant at any time since June 28, 2018 ("Class").

36. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiff, and calculation of such number would require facts in the sole control of Defendant,  upon information and belief, Defendant had over 50 employees at any particular time during the Class Period.

37. The claims of Plaintiff are typical to the claims of the Rule 23 Class.

38. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class.

39. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

40. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures. Although the relative damages suffered by individual class members are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

41. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's policies, practices and procedures.

42. Defendant has acted on grounds generally applicable to the FLSA Collective and Rule 23 Class, thereby making legal, equitable and declaratory relief appropriate for the Collective and Class.

43. There are questions of law and fact common to the Collective and Class which predominate over any questions solely affecting individual members of the Class, including:

    A. Whether Defendant failed to pay promptly, timely and completely Plaintiff, the FLSA Collective and the Rule 23 Class the minimum wage for each hour of work that Defendant required and permitted them to perform;

    B. Whether Defendant failed to pay promptly, timely and completely Plaintiff, or at all, the FLSA Collective and Rule 23 Class overtime wages at a wage rate of one and one-half times their regular rates of pay;

**FIRST CAUSE OF ACTION: FLSA MINIMUM WAGE (29 U.S.C. §§ 206, 216)**
**(On Behalf of Plaintiff and the Collective)**

44. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

45. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as

detailed in this Complaint.

46. The named Plaintiff consents to be a party to this action, pursuant to 29 U.S.C. § 216(b).

47. At all times relevant to this action, Plaintiff and the Collective Members were employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

48. At all times relevant to this action, Plaintiff and the Collective Members were engaged in commerce and Defendant was an enterprise engaged in interstate commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49. Defendant violated the rights of Plaintiff and the Collective Members by failing to pay them promptly, timely and completely the applicable minimum wage for each hour worked in each discrete work week, in violation of the FLSA, 29 U.S.C. § 206(a)(1).

50. Defendant's failure to pay promptly, timely and completely Plaintiff and the Collective Members the minimum wage was willful within the meaning of the FLSA, 29 U.S.C. § 255, as indicated above.

51. Defendant is liable to Plaintiff and the Collective Members who opt in to this action for their unpaid minimum wages, liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION: FLSA OVERTIME (29 U.S.C. §§ 207, 216)**
**(On Behalf of Plaintiff and the Collective)**

52. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

53. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.

54. The named Plaintiff consents to be a party to this action, pursuant to 29 U.S.C. § 216(b).

55. At all times relevant to this action, Plaintiff and the Collective Members were employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

56. At all times relevant to this action, Plaintiff and the Collective Members were engaged in commerce and Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 207(a).

57. Defendant violated the rights of Plaintiff and the Collective Members by failing to pay promptly, timely and completely overtime compensation at a rate not less than one and one-half times the regular rates of pay for each hour worked in excess of forty (40) per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

58. Defendant's failure to pay promptly, timely and completely Plaintiff and the Collective Members overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255, as indicated above.

59. Defendant is liable to Plaintiff and the Collective Members who opt in to this action for their unpaid overtime compensation, liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION: NY MINIMUM WAGE (Labor Law §§ 652, 191 and 193) (On Behalf of Plaintiff and the Class)**

60. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

61. At all times relevant to this action, Plaintiff and the Class Members were Defendant's employees within the meaning of NYLL §§ 651(5) and 190(2).

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.

62. At all times relevant to this action, Defendant was an employer of Plaintiff and the Class Members within the meaning of NYLL §§ 651(6) and 190(3).

63. At all times relevant to this action, Defendant failed to pay promptly, timely and completely Plaintiff and the Class Members the applicable minimum wage for all hours worked in violation of NYLL § 652, 191(1)(a) and 193; and 12 N.Y.C.R.R. §§ 142-2.1.  In the alternative, Defendant deducted from said wage payments and/or failed to make said wage payments on all earned wages due.

64. Defendant willfully violated the rights of Plaintiff and the Class Members by failing to pay them wages due and owing for work performed each week in violation of NYLL §§ 191 and 193.

65. Due to Defendant's NYLL violations, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid minimum wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL §§ 663 and 198.

**FOURTH CAUSE OF ACTION: NY OVERTIME (Labor Law §§ 652, 191 and 193)**
**(On Behalf of Plaintiff and the Class)**

66. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

67. At all times relevant to this action, Plaintiff and the Class Members were Defendant's employees within the meaning of NYLL §§ 651(5) and 190(2).

68. At all times relevant to this action, Defendant was an employer of Plaintiff and the Class Members within the meaning of NYLL §§ 651(6) and 190(3).

69. At all times relevant to this action, Defendant failed to pay promptly, timely and completely Plaintiff's and the Class Members' overtime wages for all hours worked greater than forty (40) per week in violation of NYLL §§ 652, 191(1)(a) and 193; and 12 N.Y.C.R.R. § 142-2.2.  In the

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.

alternative, Defendant deducted from said wage payments and/or failed to make said wage payments on all earned wages due.

70. Defendant willfully violated the rights of Plaintiff and the Class Members by failing to pay promptly, timely and completely overtime wages due and owing for work performed in violation of NYLL, as indicated above.

71. Due to Defendant's NYLL violations, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL §§ 663 and 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

A. That, at the earliest possible time, Plaintiff be permitted to give notice of this Collective action, or that the Court issue such notice to all persons who are presently, or have at any time since June 28, 2021, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper minimum and/or overtime wages;

B. An award of liquidated damages pursuant to 29 U.S.C. § 216 and NYLL §§ 663 and 198;

C. Certification of this case as a Collective action pursuant to 29 U.S.C. § 216;

D. Certification of this case as a Class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E. Designation of Plaintiff as representative of the Collective and Class, and counsel of record as Collective and Class Counsel; and

F. Issuance of an permanent injunction and declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all questions of fact.

Dated:  Brooklyn, New York

June 28, 2024

                                              _____/s/_____
                                              LAW OFFICE OF DAVID WIMS
                                              BY: David C. Wims, Esq. (DW-6964)
                                              *Attorneys for Plaintiff*
                                              1430 Pitkin Ave., 2nd Fl.
                                              Brooklyn, NY 11233
                                              (646) 393-9550