

**Law Office of David Wims**

1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
Phone: (646) 393-9550
Fax: (646) 393-9552
email: dwims@wimslaw.com
http://www.wimslaw.com

October 30, 2024

**BY EMAIL**

U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11212
Attn: Honorable Magistrate Judge Cheryl L. Pollak

<u>Re:</u>   <u>*Ramadhar v. Zara Realty Holding Corp.* (24CV4589) (NCM)(CLP)</u>

Dear Judge Pollak,

Please be advised that this office represents the Plaintiff in this matter. I write jointly with Defendant's counsel to request that the Court approve the parties' settlement agreement and release reached in this Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*; and New York Labor Law ("NYLL") §§ 650 *et seq,* action, pursuant to *Cheeks v. Freeport Pancake House Inc. et al,* 796 F.3d 199 (2d Cir. 2015).

On June 28, 2024, Plaintiff's counsel filed the *Complaint* alleging that Defendant failed to pay Plaintiff minimum and overtime wages, when due and with the required frequency under the FLSA and NYLL. See Docket #1. After Defendant appeared in this action and preliminary settlement discussions, Plaintiff served and filed a *First Amended Complaint* on September 18, 2024. See Docket #12. Counsel for the parties then exchanged documents and information, engaged in further settlement discussion and negotiation; and met and conferred in advance of the initial conference in this matter.

PRIVILEGED & CONFIDENTIAL – For Settlement Purposes Only

Law Office of David Wims						10/30/2024

The parties appeared for initial conference with the Court on October 2, 2024. See 10/02/2024 Minute Entry. At the initial conference, the parties notified the Court that they had reached a full and final settlement in principle, subject to reduction to writing. Following the initial conference, the parties consented to the Magistrate's jurisdiction for all purposes. The proposed, fully-executed Settlement and Release Agreement is attached herewith as Exhibit 1.

The parties' Settlement and Release Agreement requires Defendant to pay to Plaintiff a total of $52,500.00, as follows:

1. $35,500.00 to Plaintiff as 1099 non-wage, liquidated damages; and
2. $17,000.00 to David C. Wims, Esq. as attorneys' fees and costs.

An FLSA settlement should receive judicial approval where it is "fair and reasonable." See *Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig*., No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement).

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (quoting

Law Office of David Wims                                                                    10/30/2024

*Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including the following factors: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinsky, supra* at 335.

In the operative *Complaint*, Plaintiff alleged that he was not paid overtime wages when he worked greater than forty (40) hours per week and was not paid wages weekly, both in violation of the FLSA and NYLL.[1] Defendant vehemently denies that it violated the FLSA or the NYLL and alleges that Defendant was not part of an FLSA enterprise, that Plaintiff was an exempt janitor, that Plaintiff was not a 'manual worker' under the NYLL and that Plaintiff worked minimal, if any, overtime. As such, there are *bona fide* disputes under both statutes.

Considering the significant factual and legal disputes, the parties believe that the allocated $52,500.00 settlement amount is a fair compromise to resolve Plaintiff's claims without further litigation, and without subjecting both parties to the time and expense of more extensive discovery and ongoing litigation, and the attendant risks thereof. Plaintiff's maximum recovery of

---

[1] It is also important to note that settlement of claims pursuant to the New York Labor Law do not require judicial approval. See, e.g., *Wright v. Brae Burn Country Club, Inc.*, 2009 U.S. Dist. LEXIS 26982, 2009 WL 725012, at *4 * (S.D.N.Y. Mar. 20, 2009)("there is no express restriction on the private settlement of waiver of wage and hour claims under New York law.").

Law Office of David Wims                                                                                            10/30/2024

FLSA overtime wages and liquidated damages in the two years preceding this action is approximately $25,000.00. While both sides are confident that they would prevail, there are *bona fide* disputes as to these issues.

The Settlement and Release Agreement reflects a reasonable compromise of the disputed issues and any actual or potential claims. If Defendant were to prevail on its several defenses, Plaintiff could recover nothing in this matter. For example, if Defendant's assertion of the NYLL Janitor exemption defense to be successful, Plaintiff's NYLL wage claims would be disposed of in their entirety. In addition, the parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation, especially given the disparity of resources between Plaintiff and Defendant. Lastly, each party is represented by counsel experienced in wage and hour practice.

As stated above, the proposed settlement represents a fair value of Plaintiff's claims, including liquidated damages and statutory damages, where Defendant denies all violations. See *Rodriguez-Hernandez v. K Bread & Co.*, No. 15- cv-6848 (KBF), 2017 U.S. Dist. LEXIS 78034, at *10 (S.D.N.Y. May 23, 2017) (approving a settlement of 26% of potential damages given "bona fide disputes" between the parties and litigation risks). The settlement amount, when accounting for the longer statute of limitations period under the NYLL, is greater than Plaintiff's possible recovery under the FLSA alone. The settlement will also enable the parties to avoid the burdens of engaging in motion practice, discovery and testifying, as well as the hardship of waiting for the payment of any recovery, possibly years from now. Plaintiff believes that, on balance, the recovery he will obtain now is preferable to waiting for the conclusion of anticipated lengthy litigation.

Law Office of David Wims                                                                 10/30/2024

Part of the purpose of settlement is to avoid a trial on the merits because of the uncertainty of the potential outcome. *Morris v. Affinity Health Plan*, 859 F.Supp.2d 611, 620 (S.D.N.Y. 2012). In weighing the risks of establishing liability and damages, the Court "must only weigh the likelihood of success by the [Plaintiffs] . . . against the relief offered by the Settlement." *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *8 (S.D.N.Y. Apr. 16, 2012). A "presumption of fairness, adequacy and reasonableness may attach to a . . . settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (internal quotations omitted).

The parties' counsel participated in arm's length negotiations in order to arrive at this settlement, taking into account the various claims and defenses, with reference to the subject payroll records.[2] In addition, counsel for the parties discussed and calculated damage estimates for a range of potential recovery scenarios based on assumed values of the number of hours worked. As such, the settlement involves a clear and *bona fide* dispute in contested litigation, which was resolved through an arm's-length settlement process.

This settlement was reached after extensive and intensive negotiations between experienced counsel who duly counseled their respective clients on the benefits and risks of continued litigation. "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec.*

---

[2] As part of Plaintiff's compensation as Defendant's employee, Defendant provided Plaintiff with a rent-free apartment, which is currently the subject of a NYS housing court action to determine both possession and back rent owed, if any. Therefore, the settlement agreement and release relieves Plaintiff of the obligation to engage in further housing court litigation and resolves all disputes between the instant parties.

Law Office of David Wims                                                                                                          10/30/2024

*Litig.*, 05 CIV 10240, 2007 WL 2230177, at *4 (S.D.N.Y July 27, 2007). There was no fraud or collusion in the present matter and the Court should approve the settlement.

In addition, Counsel is entitled to reasonable attorneys' fees to compensate for work in recovering damages under the FLSA and NYLL. Plaintiff agreed to a 33% contingency fee. Plaintiff's counsel seeks a 32% fee in the amount of $17,000.00, **inclusive** of costs. In the Second Circuit, a 33% contingency fee in an FLSA and NYLL case is considered reasonable. See *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014). Plaintiff's counsel's fee application is submitted contemporaneously herewith.

Finally, the Settlement Agreement does not contain any provisions that courts in this District have found objectionable under the circumstances at bar. See, e.g., *Fernandez v. N.Y. Health Care, Inc.*, 2020 U.S. Dist. LEXIS 69408 at *4-7 (S.D.N.Y. 2020). For these reasons, the parties ask the Court to approve the FLSA portion of the settlement agreement.

Thank You for Your time and attention.


Respectfully yours,

/s/

David C. Wims, Esq. (DW-6964)


Cc: John Ho, Esq. (By ECF)
Eliza Estrella, Esq. (By ECF)